# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### WACO DIVISION

WSOU INVESTMENTS, LLC d/b/a BRAZOS
LICENSING AND DEVELOPMENT,

        Plaintiff,

    v.

DELL TECHNOLOGIES INC., DELL INC.,
EMC CORPORATION, AND VMWARE,
INC.,

        Defendants.

Case No. 6:20-cv-00485-ADA

**JURY TRIAL DEMANDED**

## <u>DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM</u>

# TABLE OF CONTENTS

Page

I.     INTRODUCTION .................................................................................................1

II.    BACKGROUND ....................................................................................................2

    A.    The '309 Patent ..........................................................................................2

    B.    Plaintiff's Infringement Allegations ...........................................................3

III.   LEGAL STANDARD .............................................................................................4

    A.    Direct Infringement ...................................................................................4

    B.    Induced and Contributory Infringement .....................................................5

IV.   ARGUMENT .........................................................................................................6

    A.    Plaintiff Fails to State a Claim for Direct Infringement ............................6

    B.    Plaintiff Fails to State a Claim for Induced and Contributory Infringement............8

        1.    Plaintiff's Indirect Infringement Claims Fail Without Direct Infringement......9

        2.    Plaintiff Fails to Allege the Requisite Knowledge for Indirect Infringement................9

        3.    Plaintiff Fails to Allege the Requisite Specific Intent for Induced Infringement................11

        4.    Plaintiff Fails to Allege the Requisite Lack of Substantial Non-Infringing Uses for Contributory Infringement................12

V.    CONCLUSION.....................................................................................................13

# TABLE OF AUTHORITIES

Page(s)

### CASES

*Addiction & Detoxification Inst. L.L.C. v. Carpenter*,
  620 F. App'x 934 (Fed. Cir. 2015) ...................................................................................5, 12

*Affinity Labs of Texas, LLC v. Toyota Motor N. Am.*,
  No. W:13-CV-365, 2014 WL 2892285 (W.D. Tex. May 12, 2014) ...................................5, 12

*Aguirre v. Powerchute Sports, LLC*,
  No. SA-10-CV-0702 XR, 2011 WL 2471299 (W.D. Tex. June 17, 2011) .............................9

*Artrip v. Ball Corp.*,
  735 F. App'x 708 (Fed. Cir. 2018) ................................................................................12, 13

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................................................4

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ............................................................................................................4

*Brandywine Commc'ns Techs., LLC v. T-Mobile USA, Inc.*,
  904 F. Supp. 2d 1260 (M.D. Fla. 2012) .............................................................................11

*Chapterhouse, LLC v. Shopify, Inc.*,
  No. 2:18-CV-00300-JRG, 2018 WL 6981828 (E.D. Tex. Dec. 11, 2018) .............................6

*Commil USA, LLC v. Cisco Sys., Inc.*,
  135 S. Ct. 1920 (2015) ....................................................................................................5, 9

*De La Vega v. Microsoft Corp.*,
  2020 WL 3528411 (W.D. Tex. Feb. 11, 2020) .....................................................................5

*Dodots Licensing Sols. LLC v. Lenovo Holding Co., Inc.*,
  No. CV 18-098 (MN), 2018 WL 6629709 (D. Del. Dec. 19, 2018) .....................................12

*DSU Med. Corp. v. JMS Co.*,
  471 F.3d 1293 (Fed. Cir. 2006) .........................................................................................11

*Dynamic Data Techs., LLC v. Amlogic Holdings Ltd.*,
  C.A. No. 19-1239-CFC, 2020 WL 4365809 (D. Del. July 30, 2020) ...................................10

*Enplas Display Device Corp. v. Seoul Semiconductor Co., Ltd.*,
  909 F.3d 398 (Fed. Cir. 2018) ..........................................................................................5, 9

# TABLE OF AUTHORITIES *(continued)*

Page(s)

*Fujitsu Ltd. v. Netgear Inc.*,
   620 F.3d 1321 (Fed. Cir. 2010)..............................................................................5

*Global-Tech Appliances, Inc. v. SEB S.A.*,
   563 U.S. 754 (2011).................................................................................................5

*Horatio Wash. Depot Techs. LLC v. TOLMAR, Inc.*,
   No. 17-1986-LPS, 2018 WL 5669168 (D. Del. Nov. 1, 2018).................................6

*Hypermedia Navigation LLC v. Google LLC*,
   No. 18-CV-06137-HSG, 2019 WL 1455336 (N.D. Cal. Apr. 2, 2019)....................12

*Intellectual Ventures I LLC v. Motorola Mobility LLC*,
   870 F.3d 1320 (Fed. Cir. 2017)............................................................................5, 9

*Irons v. City of Dallas*,
   2012 WL 1986585 (N.D. Tex. Apr. 4, 2012) ..........................................................7

*Lormand v. US Unwired, Inc.*,
   565 F.3d 228 (5th Cir. 2009) ..................................................................................4

*O'Malley v. Brown Bros. Harriman & Co.*,
   No. SA-19-CV-0010-JKP, 2020 WL 1033658 (W.D. Tex. Mar. 3, 2020)...............7

*Orlando Commc'ns LLC v. LG Elecs., Inc.*,
   No. 6:14-CV-1017-ORL-22, 2015 WL 1246500 (M.D. Fla. Mar. 16, 2015)..........10

*Parity Networks, LLC v. Cisco Sys., Inc.*,
   No. 6:19-CV-00207-ADA, 2019 WL 3940952 (W.D. Tex. July 26, 2019).......11, 12

*Parus Holdings Inc. v. Apple Inc.*,
   No. 6:19-cv-432, D.I. 54 (W.D. Tex. Feb. 20, 2020) ..........................................9, 10

*Proxyconn Inc. v. Microsoft Corp.*,
   No. SACV 11-1681 DOC ANX, 2012 WL 1835680 (C.D. Cal. May 16, 2012) ..................10

*Simplivity Corp. v. Springpath, Inc.*,
   No. CV 4:15-13345-TSH, 2016 WL 5388951 (D. Mass. July 15, 2016)................11

*Tuchman v. DSC Commc'ns Corp.*,
   14 F.3d 1061 (5th Cir. 1994) ..................................................................................7

*VLSI Tech. LLC v. Intel Corp.*,
   C.A. No. 18-966-CFC, 2019 WL 1349468 (D. Del. Mar. 26, 2019).......................10

## I.     INTRODUCTION

The First Amended Complaint ("Amended Complaint") should be dismissed because it fails to plausibly allege that Defendants Dell Technologies, Inc., Dell Inc., EMC Corporation, and VMware, Inc. (collectively, "Defendants") have directly and indirectly infringed the claims of U.S. Patent No. 7,636,309 (the "'309 patent"), which relates to splitting traffic flows in a network according to a "split ratio vector."

Plaintiff WSOU Investments, LLC fails to plausibly state a claim for direct infringement because it has not alleged that Defendants' accused products meet each and every limitation of the claims.  For instance, the claims specify that the "split ratio vector" used to split the traffic flows is "at least based in part on a ratio between a mean traffic rate of a cumulative flow on the respective corresponding path and a sum of mean traffic rates of cumulative flows on the plurality of paths."  Plaintiff, however, merely alleges "on information and belief" that the accused products "use a split ratio vector."  D.I. 35 ("Am. Compl.") ¶ 21.  But Plaintiff offers only a conclusory sentence and a website screenshot that in no way *hint*, let alone support a plausible inference, that the products split flows specifically according to the "split ratio vector," or any other ratio relating to the "mean traffic rates" of "cumulative flows."  Furthermore, Plaintiff fails to allege that the accused products thereafter "combin[e] at least one of the sub-flows of each of at least two of the plurality of traffic flows" and "rout[e] the combined packets or bytes on one of the paths."  Instead, Plaintiff simply alleges without any explanation that "packets *can* be combined."  *Id.* ¶ 19 (emphasis added).

The indirect infringement allegations fare no better.  Plaintiff's original complaint alleged knowledge of the patent only as of the date of the Complaint, which this Court has repeatedly held is insufficient to sustain a claim of indirect infringement.  D.I. 1 ("Original Complaint").  The Amended Complaint tries—and fails—to circumvent that clear rule by alleging knowledge based

on the filing of the Original Complaint.  Neither basis is sufficient; Plaintiff still has not adequately alleged pre-suit knowledge of the patent.  The indirect allegations also fail to allege other requisite elements of induced and contributory infringement.

## II.   BACKGROUND

### A.   The '309 Patent

Plaintiff filed the Amended Complaint on October 19, 2020.  Plaintiff asserts that Defendants directly and indirectly infringe at least claim 1 of the '309 patent.  Am. Compl. ¶¶ 22– 27.  Claim 1 recites:

> A method of processing traffic flows at a node in a network, comprising the steps of:
>
> obtaining by the node a plurality of traffic flows, each of the traffic flows comprising multiple packets or bytes;
>
> splitting by the node each of the plurality of traffic flows into at least two sub-flows, wherein each of the at least two sub-flows comprises a portion of the multiple packets or bytes from its respective traffic flow; and
>
> routing by the node the packets or bytes of the at least two sub-flows respectively on at least two paths in the network;
>
> wherein the routing step further comprises **combining at least one of the sub-flows of each of at least two of the plurality of traffic flows** and routing the combined packets or bytes on one of the paths;
>
> wherein each traffic flow between the node and a given destination node is split based on a given **split ratio vector** into a plurality of sub-flows corresponding to respective ones of a plurality of paths between the node and the given destination node, and further **wherein the given split ratio vector is configured such that the portion of the multiple packets or bytes assigned to each of the plurality of sub-flows is based at least in part on a ratio between a mean traffic rate of a cumulative flow on the respective corresponding path and a sum of mean traffic rates of cumulative flows on the plurality of paths**.

'309 patent, 15:30–56 (emphasis added).

The '309 patent relates to splitting traffic flows onto multiple paths of a network.  *Id.* at 3:5–8.  A "traffic flow" "refers to a group (e.g., two or more) of packets that are to be routed in [a]

network." *Id.* at 2:63–65.  A "path" "refers to a set of two or more nodes and one or more links between the nodes," "nodes" are "elements in the network [that are] capable of transferring packets," and "links" are "connections between the nodes." *Id.* at 1:67–3:4.

The specification states that the claims involve "intra-flow splitting," which is depicted below in Figure 1B.  *Id.* at 4:8–30.  $X_1$ and $X_2$ represent traffic flows that are to be split onto one of two paths ($R_1$-$R_2$-$R_3$-$R_6$ or $R_1$-$R_4$-$R_5$-$R_6$).  *Id.* at 4:9–12, 4:15–19.  Each traffic flow is split according to a "split ratio vector," which is a mathematical equation represented as "$q_1$" and "1-$q_1$." *Id.* at 4:15–19.  Claim 1 recites that the "split ratio vector" is "based at least in part on a ratio between [1] a mean traffic rate of a cumulative flow on the respective corresponding path and [2] a sum of mean traffic rates of cumulative flows on the plurality of paths." *Id.* at 15:51–56.

*FIG. 1B*



After the traffic flows are split into "sub-flows," "at least one of the sub-flows of each of at least two of the plurality of traffic flows" are "combin[ed]," and then the "combined" sub-flows are "rout[ed]" together "on one of the paths" in the network.  *Id.* at 15:38–45.

### B.   Plaintiff's Infringement Allegations

Plaintiff alleges that Defendants' products "incorporating VMware's VeloCloud solutions and SD-WAN software, such as Dell EMC SD-WAN 600 series products" (the "Accused Products") infringe the '309 patent claims.  Am. Compl. ¶ 15.  Plaintiff alleges that the Accused

Products "have a variety of features and capabilities including Dynamic Multipath Optimization (DPMO) technology," and can "process[] . . . traffic flows at a node in a network." *Id.* ¶ 16.

Plaintiff's indirect infringement allegations in its Original Complaint amounted to three sentences that parrot the legal elements and a few website links that fail to support Plaintiff's claims. *See* Original Compl. ¶¶ 25–26. Those allegations completely failed to allege that Defendants had knowledge of the patent and knowledge of the infringement **before** Plaintiff filed suit. *See id.*

Plaintiff's Amended Complaint fails to fix the deficiencies in the Original Complaint. Plaintiff now alleges knowledge of the patent based on the filing of the Original Complaint. *See* Am. Compl. ¶ 25.

## III.    LEGAL STANDARD

### A.    Direct Infringement

A complaint should be dismissed under Federal Rules of Civil Procedure 12(b)(6) if it "fail[s] to state a claim upon which relief can be granted." The complaint must include more than "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must allege non-conclusory facts that make liability "plausible," meaning the facts "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) ("The complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim."). For a claim of patent infringement, the complaint must—at a

minimum—plead facts that describe how the allegedly infringing product infringes. *See De La Vega v. Microsoft Corp.*, 2020 WL 3528411, at *6–7 (W.D. Tex. Feb. 11, 2020).

### B.      Induced and Contributory Infringement

To plead indirect infringement, the complaint must first plead direct infringement by a third party. *See Intellectual Ventures I LLC v. Motorola Mobility LLC*, 870 F.3d 1320, 1329 (Fed. Cir. 2017) ("A finding of direct infringement is predicate to any finding of indirect infringement[.]"); *Enplas Display Device Corp. v. Seoul Semiconductor Co., Ltd.*, 909 F.3d 398, 407 (Fed. Cir. 2018) (same).

For both contributory and induced infringement, Plaintiff must also plead facts to support an inference of each defendant's "knowledge of the patent in suit and knowledge of patent infringement." *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015); *see Addiction & Detoxification Inst. L.L.C. v. Carpenter*, 620 F. App'x 934, 938 (Fed. Cir. 2015).

For induced infringement, Plaintiff additionally must plead facts showing that each defendant "had [a] specific intent to induce the [third party's] patent infringement." *Affinity Labs of Texas, LLC v. Toyota Motor N. Am.*, No. W:13-CV-365, 2014 WL 2892285, at *2 (W.D. Tex. May 12, 2014). The "specific intent" element is "demanding" and requires more than "unsubstantiated assertions" or "generalized allegations" as to the intent of the alleged infringer. *Affinity Labs*, 2014 WL 2892285, at *7, 21. Specific intent requires more than knowledge of the induced acts; rather, the accused infringer must have "knowledge that the induced acts constitute patent infringement." *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011).

For contributory infringement, Plaintiff must also plead "that the component has no substantial noninfringing uses, and [] that the component is a material part of the invention." *Affinity Labs*, 2014 WL 2892285, at *8 (citing *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010)).

## IV.    ARGUMENT

### A.    Plaintiff Fails to State a Claim for Direct Infringement

Plaintiff fails to plausibly allege that the Accused Products meet each and every limitation of the '309 patent claims, including the following key claim limitations:  (1) splitting traffic flows according to a "split ratio vector," which is "based at least in part on a ratio between a mean traffic rate of a cumulative flow on the respective corresponding path and a sum of mean traffic rates of cumulative flows on the plurality of paths"; and (2) "combining at least one of the sub-flows of each of at least two of the plurality of traffic flows and routing the combined packets or bytes on one of the paths."

The *Iqbal/Twombly* standard requires more than a bare-bones allegation that alleged products, like those involving the particular technology in this case, "meet each and every element of at least one claim of the asserted patent."  *See, e.g.*, *Chapterhouse, LLC v. Shopify, Inc.*, No. 2:18-CV-00300-JRG, 2018 WL 6981828, at *2–3 (E.D. Tex. Dec. 11, 2018) (granting dismissal as to patent claims involving "hardware and software" technology relating to a "transaction receipt system," and holding that "[w]hile screenshots may be useful in laying out a plausible allegation of patent infringement, Plaintiff must further allege how the screenshots meet the text of the exemplary claim in order to lay out sufficient factual allegations which might permit the Court to find that the *Iqbal/Twombly* standard is met."); *see also Horatio Wash. Depot Techs. LLC v. TOLMAR, Inc.*, No. 17-1986-LPS, 2018 WL 5669168, at *11 (D. Del. Nov. 1, 2018) ("In order to adequately plead direct (and indirect and willful) infringement, a plaintiff needs to have pleaded facts that plausibly indicate that the accused products contain *each of the limitations* found in the claim." (emphasis added)).

**Split Ratio Vector**.  Here, the "split ratio vector" limitation is particularly significant because, during prosecution, the applicant overcame an obviousness rejection and obtained

allowance specifically by following the examiner's suggestion to amend the claim to add the limitation.  Rosenthal Decl., Ex. A (6/5/09 Response and Amendment) at 2, 8 ("Applicants believe that this amendment alone is sufficient to overcome the present § 103 rejections . . . Applicants have further amended the independent claims in the manner suggested by the examiner in the aforementioned telephone interviews."); *see also* Ex. B (8/12/09 Examiner Interview Summary) at 1–5.

In the Amended Complaint, however, Plaintiff fails to set forth any plausible basis that the Accused Products meet this key claim limitation.  Plaintiff simply alleges "[o]n information and belief" that the "Accused Products use a split ratio vector."  Am. Compl. ¶ 21.  But Plaintiff offers *no facts at all* to support this assertion.  "[B]asing a claim on information and belief," however, "does not permit [such] reliance 'on speculation and conclusory allegations.'"  *O'Malley v. Brown Bros. Harriman & Co.*, No. SA-19-CV-0010-JKP, 2020 WL 1033658, at *8 (W.D. Tex. Mar. 3, 2020) (quoting *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994)); *see also Irons v. City of Dallas*, 2012 WL 1986585, at *4 (N.D. Tex. Apr. 4, 2012) (holding that allegations made on "information and belief," "[w]ithout any facts to support" them, are "no more than conclusory allegations" that are insufficient under the *Iqbal/Twombly* standard).

Instead, Plaintiff vaguely states that the Accused Products "take into account the real-time WAN performance, such as which paths are in use, automatically decide which paths should be used for the flow, and then perform resequencing at the destination to ensure the packets reach the destination in a sequential manner."  Am. Compl. ¶ 21.  But neither this bare assertion nor Plaintiff's website screenshot provides even a *hint* that the Accused Products split traffic flows according to anything resembling a "split ratio vector," or a "ratio between" (1) "a mean traffic rate of a cumulative flow on the respective corresponding path" and (2) "a sum of mean traffic

rates of cumulative flows on the plurality of paths."  Plaintiff merely assumes without any basis that, simply because Plaintiff believes the Accused Products may "decide which paths should be used for the flow," they must be doing so by using this specific "split ratio vector" that is claimed. *Id.* ¶ 21.  This is nothing more than a conclusory allegation that cannot possibly satisfy the *Iqbal/Twombly* standard.

**Combining Sub-Flows**.  Plaintiff also fails to allege that, after any such flow splitting (using the split ratio vector or otherwise), the Accused Products specifically "combin[e] at least one of the sub-flows of each of at least two of the plurality of traffic flows" that have been split "and rout[e] the combined packets or bytes on one of the paths."  At most, Plaintiff broadly concludes that "packets *can* be combined," without any additional explanation.  *Id.* ¶ 19 (emphasis added).  But Plaintiff does not allege that the Accused Products *actually* split traffic flows into "sub-flows" (by using a split ratio vector or otherwise), "combin[e]" those "sub-flows of each of at least two . . . traffic flows," and then "rout[e]" those "combined packets . . . on one of the paths"—as the '309 patent claims require.  And neither of the two screenshots on which Plaintiff relies even suggests that the Accused Products carry out any one of these steps.  *Id.*

Thus, because Plaintiff fails to plausibly allege that Defendants have met each and every limitation of the '309 patent claims, Plaintiff's claim for direct infringement should be dismissed.

### B.     Plaintiff Fails to State a Claim for Induced and Contributory Infringement

Plaintiff's indirect infringement claims are deficient and should be dismissed.  As an initial matter, Plaintiff's failure to plausibly allege direct infringement precludes its claims of induced and contributory infringement.  Beyond that failing, Plaintiff has further failed to adequately plead any pre-suit knowledge by Defendants of the patent, or pre-suit knowledge by Defendants of alleged infringement.  Plaintiff also fails to plead a specific intent to induce infringement.  And

Plaintiff has not pled, and cannot plead, that there are no substantial non-infringing uses.  Each of these failures independently warrants dismissal of Plaintiff's indirect infringement allegations.

### 1.      Plaintiff's Indirect Infringement Claims Fail Without Direct Infringement

Plaintiff's indirect infringement allegations are insufficient as a matter of law as Plaintiff fails to plausibly allege direct infringement.  *See supra* § IV.A.  It is axiomatic that "'[i]n order to succeed on a claim of inducement, the patentee must show, first that there has been direct infringement.'"  *Enplas*, 909 F.3d at 407 (citation omitted); *see also Intellectual Ventures*, 870 F.3d at 1329 ("A finding of direct infringement is predicate to any finding of indirect infringement . . . .").  As a result, Plaintiff has also failed to adequately plead its claims of induced and contributory infringement, and these claims should be dismissed.

### 2.      Plaintiff Fails to Allege the Requisite Knowledge for Indirect Infringement

Plaintiff's indirect infringement claims fail because they do not adequately plead the required "knowledge of the patent in suit and knowledge of patent infringement."  *Commil USA*, 135 S. Ct. at 1926.  As courts in this District have held, the knowledge requirements for indirect infringement require **pre-suit** knowledge.  *See Aguirre v. Powerchute Sports, LLC*, No. SA-10-CV-0702 XR, 2011 WL 2471299, at *3 (W.D. Tex. June 17, 2011) (holding that reliance "on knowledge of [plaintiff's] patent after the lawsuit was filed . . . is insufficient to plead the requisite knowledge for indirect infringement").  Moreover, this Court has held—earlier this year—that allegations of knowledge based on an original complaint are not enough to overcome a motion to dismiss.  *See Parus Holdings Inc. v. Apple Inc.*, No. 6:19-cv-432, D.I. 54 (W.D. Tex. Feb. 20, 2020) (dismissing indirect infringement claims where plaintiff's only allegation of knowledge were that "Defendant Apple has had knowledge of the '431 Patent since **at least the filing of the original complaint**" and "[b]y the time of trial, Defendant Apple will have known and intended

(since receiving such notice) that their continued actions would actively induce the infringement")
(quoting D.I. 28 (Am. Compl.) ¶ 44 (emphasis added)).

The Amended Complaint includes an erroneous footnote that attempts to distinguish
*Aguirre* by asserting that "Delaware courts have since rejected this rule." Am. Compl. ¶ 25 n.1.
Plaintiff's statement that Delaware has rejected the pre-suit knowledge requirement is incorrect.
*See, e.g.*, *VLSI Tech. LLC v. Intel Corp.*, C.A. No. 18-966-CFC, 2019 WL 1349468, at *2 (D. Del.
Mar. 26, 2019) ("[T]he complaint itself cannot serve as the basis for a defendant's actionable
knowledge."); *Dynamic Data Techs., LLC v. Amlogic Holdings Ltd.*, C.A. No. 19-1239-CFC, 2020
WL 4365809, at *2 (D. Del. July 30, 2020) ("'The purpose of a complaint is not to create a claim
but rather to obtain relief for an existing claim.  For that reason, the complaint itself cannot be the
source of the knowledge required to sustain claims of induced infringement.'") (citation omitted).
In any event, *this* Court has expressly adopted the pre-suit knowledge requirement, and continues
to do so.  *See, e.g.*, *Parus*, No. 6:19-cv-432, D.I. 54 (W.D. Tex. Feb. 20, 2020).

Despite this clear precedent, Plaintiff's only allegations of knowledge are based on the
filing of its original complaint asserting the same patent, which it dismissed:  "Defendants had
knowledge of their infringement of the patent-in-suit before the filing of this Amended Complaint.
Defendants ***received notice and actual or constructive knowledge of their infringement*** of the
patent-in-suit ***since at least the date of service of the original Complaint***."  Am. Compl. ¶ 25
(emphasis added).  Similar to the allegations in *Parus*, WSOU's allegations of knowledge are
limited to references to an original complaint and thus fail to state a claim for indirect infringement.
*See id.*; *Parus*, No. 6:19-cv-432, D.I. 54 (W.D. Tex. Feb. 20, 2020).[1]  Allowing Plaintiff to avoid

---

[1] *See also Proxyconn Inc. v. Microsoft Corp.*, No. SACV 11-1681 DOC ANX, 2012 WL 1835680,
at *5 (C.D. Cal. May 16, 2012) ("[A] complaint fails to state a claim for indirect patent
infringement where the only allegation that purports to establish the knowledge element is the

the pre-suit knowledge requirement by filing a complaint, then simply amending the complaint to allege knowledge based on the original complaint, would be at odds with the knowledge requirement itself.[2]  And, it would elevate form over substance and encourage litigants to use such a tactic to essentially eviscerate the pre-suit knowledge requirement.

Plaintiff's failure to raise a plausible inference of pre-suit knowledge of the patent and knowledge of infringement are fatal to its indirect infringement claims, and as such these claims should be dismissed.

### 3. Plaintiff Fails to Allege the Requisite Specific Intent for Induced Infringement

Plaintiff also entirely fails to plead specific intent in support of its inducement claim. Allegations of specific intent require factual "'evidence of culpable conduct, directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities.'"  *Parity Networks, LLC v. Cisco Sys., Inc.*, No. 6:19-CV-00207-ADA, 2019 WL 3940952, at *2 (W.D. Tex. July 26, 2019) (quoting *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006)).  Plaintiff's allegations of specific intent amount to a single conclusory statement that Defendants "actively induced" others to infringe through their

---

allegation that the complaint itself ***or previous complaints in the same lawsuit establish the defendant's knowledge of the patent***.") (emphasis added); *Orlando Commc'ns LLC v. LG Elecs., Inc.*, No. 6:14-CV-1017-ORL-22, 2015 WL 1246500, at *9 (M.D. Fla. Mar. 16, 2015) ("'Prior to suit' does not mean prior to the current iteration of the Complaint.").

[2] *See, e.g.*, *Brandywine Commc'ns Techs., LLC v. T-Mobile USA, Inc.*, 904 F. Supp. 2d 1260, 1268–69 (M.D. Fla. 2012) ("[B]ecause notice of the patent is necessarily provided by a complaint, finding that a complaint provides sufficient knowledge for induced infringement would vitiate the Supreme Court's holding in *Global–Tech* that an allegation of knowledge of the patent is required to state a claim for induced infringement."); *Simplivity Corp. v. Springpath, Inc.*, No. CV 4:15-13345-TSH, 2016 WL 5388951, at *8 (D. Mass. July 15, 2016) ("The suggested 'knowledge via filing' framework dilutes the knowledge requirement to the point of meaninglessness, since by virtue of being sued for infringement, a party necessarily is aware of the patent-in-suit.").

advertising, promotional materials, and a few website citations. *See* Am. Compl. ¶ 26. Such conclusory allegations fail to present facts that demonstrate: (1) Defendants knew that the alleged acts would infringe, and (2) Defendants knew that the promotion of their products would induce or encourage others to infringe the Asserted Patent. *See Addiction*, 620 F. App'x at 938 ("[S]imply recit[ing] the legal conclusion that Defendants acted with specific intent" fails to plead "facts that would allow a court to reasonably infer that Defendants had the specific intent to induce infringement."); *Affinity Labs*, 2014 WL 2892285, at *7, *21 (finding Plaintiff's "generalized allegations that Toyota induced others to infringe the Asserted Patents through its marketing and sales tactics are [] insufficient"). To support specific intent, Plaintiff must include specific allegations mapping the advertisement or promotion to the performance of the claimed steps of the patent—i.e., "evidence of culpable conduct, direct to encouraging another's infringement." *Parity*, 2019 WL 3940952, at *2.[3]

Plaintiff's inducement claim should be dismissed because the Amended Complaint is entirely silent on a key requirement of induced infringement.

### 4.      Plaintiff Fails to Allege the Requisite Lack of Substantial Non-Infringing Uses for Contributory Infringement

Plaintiff's contributory infringement allegations also fail because Plaintiff did not "'plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses.'" *Artrip v. Ball Corp.*, 735 F. App'x 708, 713 (Fed. Cir. 2018) (citation omitted). Plaintiff has not pled a lack of substantial non-infringing uses because it cannot do so. Plaintiff's

---

[3] *See also Hypermedia Navigation LLC v. Google LLC*, No. 18-CV-06137-HSG, 2019 WL 1455336, at *3 (N.D. Cal. Apr. 2, 2019) ("In no way does the complaint detail *how* an end user would infringe Hypermedia's patents by following instructions in the links provided in the complaint.") (emphasis in original); *Dodots Licensing Sols. LLC v. Lenovo Holding Co., Inc.*, No. CV 18-098 (MN), 2018 WL 6629709, at *4 (D. Del. Dec. 19, 2018) (holding mere citations to websites were insufficient to plead specific intent).

only allegation on these elements is a conclusory statement that repeats the legal elements.  *See* Am. Compl. ¶ 27.  As the Federal Circuit held in *Artrip*, conclusory allegations are not enough. 735 F. App'x at 713 (affirming dismissal of a contributory infringement claim where the "complaint did not plausibly assert facts to suggest that [Defendant] was aware of the patents or facts to suggest that the [Accused Product] it supplied had no substantial noninfringing use"). Plaintiff's failure to raise a plausible inference of no substantial non-infringing uses is fatal to its contributory infringement claim, and as such it should be dismissed.

## V.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their motion and dismiss Plaintiff's Amended Complaint in its entirety for failure to plausibly state a claim for relief, without leave to amend.  Pursuant to L.R. CV-7(h), Defendants request an oral hearing on the foregoing motion.

13

Dated:  October 30, 2020      By:   */s/ Barry K. Shelton*
Barry K. Shelton
Texas State Bar No. 24055029
bshelton@sheltoncoburn.com
**SHELTON COBURN LLP**
311 RR 620, Suite 205
Austin, TX  78734-4775
Telephone:  512.263.2165
Facsimile:  512.263.2166

Benjamin Hershkowitz
bhershkowitz@gibsondunn.com
Brian A. Rosenthal
brosenthal@gibsondunn.com
Allen Kathir
akathir@gibsondunn.com
Kyanna Sabanoglu
ksabanoglu@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, NY  10166-0193
Telephone:  212.351.4000
Facsimile:  212.351.4035

Y. Ernest Hsin
ehsin@gibsondunn.com
Jaysen S. Chung
jschung@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
555 Mission Street, Suite 3000
San Francisco, CA  94105-0921
Telephone:  415.393.8200
Facsimile:  415.393.8306

Ryan K. Iwahashi
riwahashi@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
1881 Page Mill Road
Palo Alto, CA  94304-1211
Telephone:  650.849.5300
Facsimile:  650.849.5333

*Attorneys for Defendants*

14

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on October 30, 2020, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(b)(1).

*/s/ Barry K. Shelton*
Barry K. Shelton
