**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| WSOU INVESTMENTS, LLC D/B/A | § | CIVIL ACTION 6:20-CV-00473-ADA |
| BRAZOS LICENSING AND | § | CIVIL ACTION 6:20-CV-00474-ADA |
| DEVELOPMENT, | § | CIVIL ACTION 6:20-CV-00475-ADA |
| | § | CIVIL ACTION 6:20-CV-00476-ADA |
| Plaintiff, | § | CIVIL ACTION 6:20-CV-00477-ADA |
| | § | CIVIL ACTION 6:20-CV-00478-ADA |
| | § | CIVIL ACTION 6:20-CV-00479-ADA |
| | § | CIVIL ACTION 6:20-CV-00480-ADA |
| v. | § | CIVIL ACTION 6:20-CV-00481-ADA |
| | § | CIVIL ACTION 6:20-CV-00482-ADA |
| | § | CIVIL ACTION 6:20-CV-00485-ADA |
| | § | CIVIL ACTION 6:20-CV-00486-ADA |
| | § | |
| DELL TECHNOLOGIES INC., DELL | § | PATENT CASE |
| INC., AND EMC CORPORATION, | § | |
| | § | |
| Defendants. | § | JURY TRIAL DEMANDED |

**RESPONSE OPPOSING MOTION TO TRANSFER VENUE[1]**

---

[1] WSOU is filing a common response opposing twelve motions to transfer filed by Defendants. To reduce the volume of filings, WSOU is filing its exhibits only in Case 6:20-CV-00473-ADA. Cites to WSOU's declarations and exhibits within this response refer to the exhibits attached to the response filed in Case 6:20-CV-00473-ADA.

Dell Technologies Inc., Dell Inc., and EMC Corporation ("Defendants") filed twelve nearly identical motions asking for a transfer from the Waco Division, where Plaintiff WSOU Investments, LLC doing business as Brazos Licensing and Development ("WSOU") is headquartered, to the Austin Division. This Court has yet to determine a motion to transfer venue where the plaintiff not only resides and conducts business in the Western District of Texas but does so in the Waco Division.[2] Because these twelve actions are all significantly connected to the Waco Division and the Austin Division is not a *clearly* more convenient forum, the Court should deny Defendants' intra-district transfer.

## INTRODUCTION

Defendants rely heavily on the fact that this Court has transferred another patent case between Dell and another plaintiff to the Austin Division. Mot. at 6 (citing *Datascape Ltd. v. Dell Techs., Inc.*, No. 6:19-CV-00129-ADA, 2019 WL 4254069 (W.D. Tex. June 7, 2019)). However, the facts in *Datascape* are markedly different from this case: (1) the plaintiff had *no* presence in the Waco Division; (2) the declaration Dell relied on identified *eleven* specific Dell witnesses located in the Austin Division; and (3) Dell unequivocally testified that technical and financial documents relating to the accused products were "located in" the Austin Division (and other locations). *See* Richins Decl., Ex. 3[3] ("England Declaration") ¶¶ 5-7. Here, in contrast: (1) WSOU is headquartered in Waco; (2) most of Defendants' motions fail to identify even a *single* witness in the Austin Division;[4] and (3) Defendants fail to disclose where their documents are located.  In some cases, Defendants admit they have no documents in the Austin Division. *See* Richins Decl., Ex. 1 ("Nagle Declarations"[5]) ¶¶ 8-9 of -480, -481, -485, -486; Richins Decl., Ex. 2 ("Crantz

---

[2] The issue is raised in motions pending before this Court filed by Microsoft, but those motions are still pending.

[3] Cites to WSOU's declarations and exhibits within this response refer to the exhibits attached to the response filed in Case 6:20-CV-00473-ADA.

[4] In eight of their twelve motions, Defendants fail to identify a single witness in the Austin Division. *See* Richins Decl., Ex. 2 ("Crantz Declarations") ¶¶ 6-7 of -473 through -478, -481, -486. In three of their motions, Defendants identify only one party witness in the Austin Division. *See* Crantz Decl. (-479, -480, -481, -482, -486) ¶¶ 6-7.

[5] Defendants filed a declaration of Mark Nagle in support of four of their motions. The four Nagle

Declarations"[6] ¶¶ 6-7 (in -480, -481, -485, -486). In others, Defendants claim they "manage" financial documents in Austin but fail to disclose where the documents are "stored." *See* Crantz Decl. ¶¶ 6-7 (in -473 through -479, -482).

## BACKGROUND

### A. WSOU is headquartered in Waco and invested in the Waco community.

WSOU is a Waco-based company that leverages its proprietary technology and management experience to help inventors and patent owners maximize the full potential of their patents. Hogan Decl. ¶ 1. Not only does WSOU operate out of downtown Waco (WSOU's principal place of business), less than two blocks from the Waco Division Courthouse, WSOU has established deep roots within the Waco community. *Id.* WSOU chose Waco as its headquarters because it was attracted to the burgeoning tech business in Waco, with Baylor acting as the anchor. *Id.* ¶ 3. WSOU's sources of proof are kept in Waco. *Id.* Notably, WSOU has no offices, no documents, nor any employees in Austin. *Id.*

WSOU's Managing Director of Business Development, Matt Hogan, resides and works in Waco. *Id.* ¶2. Before working with WSOU, Mr. Hogan spent 7 years on Wall Street and then was the founding CEO of a company that pioneered consumer data control. WSOU considered Mr. Hogan a good fit for its Headquarters in Waco in part because of his close ties to the Waco community, including family members who are Baylor alumni.

WSOU has already engaged in hiring students from Baylor University to support its business and currently utilizes a local business to maintain its servers. Hogan Decl. ¶¶ 4-5. Before COVID-19 delayed its efforts, WSOU was working to start a local tech meetup in Waco. With Startup Waco[7] recently re-opening on a limited basis, WSOU has already resumed its collaborative

---

Declarations are combined in this response as Richins Decl., Ex. 1. They are cited in this response as "Nagle Decl."

[6] Defendants filed a declaration of Kellie Crantz in each of their twelve motions. The twelve Crantz Declarations are combined in this response as Richins Decl., Ex. 2. They are cited within this response as "Crantz Decl."

[7] Startup Waco is in downtown Waco and is a place for designers, developers, entrepreneurs, and others interested in the Waco startup community to connect. See

efforts in the community. *Id.* WSOU is also working with the Baylor Law IP clinic to offer a quarterly webinar series for Baylor law students. *Id.* WSOU has had ongoing email correspondence with Waco Ventures, a group that manages outside-facing dealings for the Baylor Transfer Technology Office. *Id.* ¶ 6. WSOU has job postings in Waco LPA, Startup Waco, and Waco TXjobs and is in the search process to hire several Baylor students. *Id.* In establishing its Waco headquarters, WSOU has purchased services from several local Waco companies. *Id.* This includes, for example, an approximately $80,000 renovation project by a local construction company. *Id.*

WSOU will disclose Mr. Hogan as a person with knowledge relevant to these cases and, as necessary, will designate him as a deposition or trial witness for WSOU.  In addition to Mr. Hogan, WSOU has hired a full-time in-house attorney with case management responsibilities.  She works at WSOU's office in Waco.

Defendants' motion falsely claims that "WSOU hired Aqua Licensing, A San Francisco, California company, to sell" its patents. Mot. at 3.  The press release Defendants cite in support of this false assertion clearly shows that Nokia, not WSOU, hired Aqua Licensing to manage the sale of a portfolio of Nokia patents. *See* -474 Mot., Ex. 7 (including statements from the "head of Patent Business at Nokia" and the "Managing Director of AQUA Licensing" that they were pleased to be working together).

**B.  Summary of Defendants' declarations.**

In each of the Crantz Declarations, Defendants' identify alleged party witnesses in paragraphs 6 or 7. *See* Richins Decl., Ex. 2. The tables below summarize the testimony in Defendants' Declarations.

| Case | Location of Defendants party witnesses | Alleged Witnesses in Austin Division | Alleged Documents in Austin Division |
|------|----------------------------------------|--------------------------------------|--------------------------------------|
| 480  | "[T]he majority of the VMware employees identified thus far having technical responsibilities relating to the Accused Products are located in Palo Alto." Nagle Decl. ¶ 8. | 0 | 0 |

https://members.startupwaco.com/.

3

| 481 | Same. *See* Nagle Decl. ¶ 8. | 0 | 0 |
| 485 | Same. *See* Nagle Decl. ¶ 8. | 0 | 0 |
| 486 | Same. *See* Nagle Decl. ¶ 8. | 0 | 0 |

*See* Richins Decl., Ex. 1.

| **Summary of Crantz Declarations** | | | |
|---|---|---|---|
| **Case** | **Number of Alleged Witnesses in Austin Division** | **Alleged Financial Documents "stored" or "located" in Austin Division** | **Alleged Technical Documents in Austin Division** |
| 473 | 0 | None. Paragraph 6 alleges financial documents "managed in" Austin. | None |
| 474 | 0 | None. Paragraph 6 alleges financial documents "managed in" Austin. | None |
| 475 | 0 | None. Paragraph 6 alleges financial documents "managed in" Austin. | None |
| 476 | 0 | None. Paragraph 6 alleges financial documents "managed in" Austin. | None |
| 477 | 0 | None. Paragraph 6 alleges financial documents "managed in" Austin. | None |
| 478 | 0 | None. Paragraph 6 alleges financial documents "managed in" Austin. | None |
| 479 | 1 | None. Paragraph 6 alleges financial documents "managed in" Austin. | None |
| 480 | 1 | None | None |
| 481 | 0 | None | None |
| 482 | 2 | None. Paragraph 6 alleges financial documents "managed in" Austin. | None |
| 485 | 1 | None | None |
| 486 | 0 | None | None |

*See* Richins Decl., Ex. 2.

Importantly, a court should "adjudicate motions for transfer according to an individualized, ***case-by-case consideration*** of convenience and fairness." *See Stewart Org., Inc. v. Ricoh Corp.*,

487 U.S. 22, 29 (1988) (emphasis added). Considering the tables above on a case-by-case basis, it is readily apparent that each of Defendants' motions fails to show the Austin Division is significantly more convenient than the Waco Division.

### C.  Defendants' twelve motions fall into four categories.

Based on the evidence presented in Defendants' declarations, Defendants' twelve motions fall into four categories: **(1)** motions that identify *zero* potential witnesses (party or otherwise) in the Austin Division and *zero* relevant documents in the Austin Division (-481 and -486)[8]; **(2)** motions that identify only <u>one</u> potential party witness for Defendants alleged in the Austin Division and *zero* documents in the Austin Division (-480 and -485 cases)[9]; **(3)** motions that identify *zero* potential witnesses in the Austin Division and *zero* technical documents in the Austin Division, but claim financial documents are "managed" in the Austin Division (-473, -474, -475, -476, -477, and -478)[10]; and **(4)** motions that identify one or two potential party witnesses of Defendants allegedly in the Austin Division, identify *zero* technical documents in the Austin Division, but claim financial documents are "managed" in the Austin Division (-479 and -482).

In the category three and category four motions (-473 through -479 and -482), Defendants' testimony that financial documents are "managed" in Austin is based "where needed" on hearsay. *See* Crantz Decl. ¶ 6 (basing her purported knowledge that documents are managed in Austin on "review of records available to me, and (where needed) after conferring with colleagues with access to additional records").

In all twelve motions, Defendants: (a) admit WSOU has a party witness in the Waco Division and none in the Austin Division; and (b) identify *zero* <u>willing</u> non-party witnesses and *zero* non-party witnesses in the Austin Division. *See* (Respective) Mot. at 7-8.  The only potential

---

[8] *See* -481 and -486 Mot. at 7-8 (admitting Defendants' witnesses are not in Texas); -481 Nagle Decl. ¶¶ 8-9 (admitting Defendants' witnesses and documents are not in Texas); -486 Nagle Decl. ¶¶ 8-9 (same); -481 Crantz Decl. ¶¶ 5-6 (identifying *no* documents or witnesses in Texas); -486 Crantz Decl. ¶¶ 5-6 (same).

[9] *See* -480 and -485 Mot. at 7-8; -480 and -485 Crantz Decl. ¶¶ 5-6; -480 and -485 Nagle Decl. ¶¶8-9.

[10] *See* Respective Motions at 7-8; Respective Crantz Declarations ¶¶ 6-7.

non-party witness identified by Defendants who is in Texas is allegedly in Fort Worth. *See* -476 Mot. at 8. Every other potential non-party witness identified by Defendants is allegedly outside of Texas. *See* Mot. at 7-8.

## LEGAL STANDARD

The party seeking transfer must show good cause, demonstrating that the transferee venue is *"clearly more convenient." In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc) (emphasis added). A plaintiff's choice of venue is not a distinct factor in the venue transfer analysis but is "taken into account as it places a *significant burden* on the movant to show good cause for the transfer." *Id.* at 314 n.10 (emphasis added). When deciding whether to transfer venue, a district court balances the private interests of the parties and the public interests in the fair and efficient administration of justice. *Id.* A court should "adjudicate motions for transfer according to an individualized, *case-by-case consideration* of convenience and fairness." *See Stewart Org.*, 487 U.S. at 29 (emphasis added).

## ARGUMENT

Defendants fail to satisfy their significant burden of proving the Austin Division is clearly more convenient than the Waco Division.

**A.    The private interest factors do not favor transfer.**

**1.    Ease of access to sources of proof weighs against transfer.**

**a.    Ease of Access: Category One Motions (-481 and -486)**

Ease of access to sources of proof weighs heavily against Defendants' Category One motions because WSOU's documents are in the Waco Division (Hogan Decl. ¶ 7) and Defendants documents are in California, *not* the Austin Division. *See* Nagle Decl. ¶¶ 8-9; -481 Mot. at 6 ("Defendants' relevant evidence and witnesses are most likely located in Palo Alto, California[.]"); -486 Mot. at 6 (same). There is no merit to Defendants' contention that WSOU's documents should be ignored if they were not *created* in Waco and/or were not *always* stored in Waco. Noticeably, Defendants cite no authority for this proposition. As this Court is aware, what matters is "the location of documents." WSOU's documents are stored in Waco and have been since before this

litigation began. Hogan Decl. ¶ 7.

Defendants' speculation that Aqua Licensing might have relevant documents in California is irrelevant to the transfer analysis. *See In re Toyota Motor Corp.*, 747 F.3d 1338, 1341 (Fed. Cir. 2014) ("the comparison between the transferor and transferee forums is not altered by the presence of other witnesses and documents in places outside both forums."). WSOU's documents are in this Division. This fact weighs heavily against transfer given Defendants' admission that their documents are not in the Austin Division.

### b. Ease of Access: Category Two Motions (-480 and -485)

Ease of access to sources of proof weighs heavily against Defendants' Category Two motions for the same reason it weighs against granting the Category One motions. Defendants' Category Two motions admit Defendants' documents are not in the Austin Division. *See* -480 Mot. at 6; -485 Mot. at 6.

### c. Ease of Access: Category Three Motions (-473 through -478)

Ease of access to sources of proof weighs against Defendants' Category Three motions. First, WSOU's documents are in Waco. Defendants' arguments attempting to ignore WSOU's documents fail for the same reasons they fail in Defendants' Category One motions.

Second, Defendants offer *no* evidence in their Category Three motions concerning the location of Defendants' technical documents. *See* (Respective) Crantz Dec. ¶¶ 6-7 (remaining silent concerning technical documents).

Third, no weight should be given to Defendants' declaration statement, based on hearsay, that financial documents are "managed in" the Austin Division. *See id.* Courts look to where documentary evidence "is stored." *See Moskowitz Family LLC. v. Globus Med., Inc.*, 6:19-CV-00672-ADA, 2020 WL 4577710, at *2 (W.D. Tex. July 2, 2020) ("a court looks to where documentary evidence, such as documents and physical evidence, is stored."). They do not look to where it is "accessed" or "managed" through modern technology.[11] Defendants' carefully

---

[11] *See In re Volkswagen of Am., Inc.*, 545 F.3d at 316. In *Volkswagen*, the Fifth Circuit rejected the notion that advances in "information storage" made the location of documents superfluous. *Id.*

worded testimony that documents are "managed in" the Austin Division suggests Defendants are only disclosing where relevant documents are "accessed" to avoid disclosing where they are "stored." Notably, Dell did not use such carefully crafted and obscure language in *Datascape*.[12] Dell's declaration in *Datascape* not only shows that Defendants' know how to use more straightforward language but suggests there is a strong possibility Defendants' documents are stored outside the Austin Division.[13] Regardless, Defendants' declaration openly admits its claim that documents are "managed" in Austin may be based on hearsay. Crantz Decl. ¶ 6 ("after conferring with colleagues with access to additional records . . . I also understand that financial, sales, and marketing relating to the Accused Products are managed in Austin / Round Rock, Texas."). WSOU requests that this Court strike these portions of the Crantz Declarations based on hearsay. *See* Richins Decl., Ex. 2 (highlighting, *inter alia*, where testimony is based on out of court statements of unidentified "colleagues" the declarant "confer[ed]" with).

Fourth, even if this Court gives weight to Defendants' claim that financial documents are "managed" in Austin, this factor cannot support the Category Three motions (where Defendants fail to identify a single witness in the Austin Division). WSOU has both documents and a witness in Waco. Transferring because Defendants claim to "manage" documents in Austin would merely shift conveniences. *X Techs., Inc. v. Marvin Test Sys., Inc.*, CIV.A.SA-10-CV-319-X, 2010 WL 2303371, at *6 (W.D. Tex. June 7, 2010) ("The party moving to transfer must persuade the Court that transfer would signify more than shifting inconvenience from one party to another").

Finally, Defendants' Category Three motions attempt to conflate "access to sources of proof" with factors that weigh witness location. *See e.g.*, -473 Mot. at 6. These factors should not

---

Instead, it gave weight to where documents were "located" (not where they were accessible through "information storage" technology). *Id.*

[12] There, Dell's declarant testified: "Dell's business records confirm that Dell's engineering, sales, and financial documents **relating to its Data Domain and RecoverPoint products** are primarily **located in** Round Rock and Austin, Texas [and other locations]." *See* Richins Decl., Ex. 3 ¶ 7 (copy of declaration considered in *Datascape*) (emphasis added).

[13] In *Datascape*, Dell admitted many of its relevant documents were located out of state. Richins Dec., Ex. 3 ¶ 7 (admitting relevant engineering, sales, and financial documents were "located" not only in Austin but in California, Massachusetts, North Carolina, India, China and Israel).

be conflated. *In re Apple,* --- F.3d --- (Fed. Cir. 2020), 2020 WL 6554063, at *4 ("The district court legally erred in considering witnesses as "sources of proof" for purposes of the first private interest factor."). Even if they are, conflating them does not help Defendants because WSOU identifies a party witness in Waco whereas Defendants' Category Three motions fail to identify any party witness in Austin. *See* (Respective) Mot. at 7-8; (Respective) Crantz Decl. ¶¶ 6-7.

### d.  Ease of Access: Category Four Motions (-479 and -482)

Ease of access weighs against the Category Four motions for the same reasons it weighs against the Category Three motions. The only difference is that Defendants' Category Four motions identify one or two potential party witnesses in the Austin Division.  No weight should be given to these potential witnesses as "sources of proof." *See In re Apple*, 2020 WL 6554063, at *4.

### 2.  Defendants fail to prove the availability of compulsory process favors transfer.

Defendants admit the availability of compulsory process does not weigh in favor of transfer. *See* (Respective) Mot. at 5.

### 3.  The cost of attendance for willing witnesses does not favor transfer.

### a.  Willing Witnesses: Category One (-481 and -486) and Category Three (-473 through -478)

The convenience of willing witnesses weighs heavily against granting the Category One and Category Three motions. The Category One and Category Three motions do not claim *any* witnesses are in the Austin Division. Defendants' Category One motions admit their party witnesses and potential non-party witnesses are outside Texas. *See* Nagle Decl. ¶¶ 8-9; -481 and -486 Mot. at 7-9. Likewise, Defendants' Category Three motions identify only out-of-state party and non-party witnesses. *See* -473 through -478 Crantz Decl. ¶¶ 6-7.

The potential out-of-state witnesses (both party and non-party) identified by Defendants should be given no weight because this Court has found "the Austin and Waco Divisions are equally convenient for out-of-state witnesses." *VLSI Tech. LLC v. Intel Corp.*, 6:19-CV-00254-ADA, 2019 WL 8013949, at *5 (W.D. Tex. Oct. 7, 2019); *see also In re Apple*, 2020 WL 6554063 *6 (reasoning travel from New York to California is only "slightly more" inconvenient than travel

from New York to Texas).The non-party out-of-state witnesses Defendants identify should also be given no weight under the "willing witnesses" factor because Defendants offer no evidence that they are **willing** witnesses. *See Peteski Prods., Inc. v. Rothman*, No. 5:17-CV-00122-JRG, 2017 WL 8943154, at *3 (E.D. Tex. Nov. 13, 2017) (refusing to consider a consultant, non-party witness a willing witness absent indication he was willing or otherwise a party witnesses, such as an employee). Defendants' allegations about the location of inventors should be given little weight because Defendants' simply assume the inventors have not moved since the patents issued. And Defendants' Google Flight printouts should be given no weight because, in addition to the fact that this Court has already recognized Austin and Waco are equally convenient for out-of-state witnesses, Defendants forgot to look at flights to *Dallas*.

    **b.  Willing Witnesses: Category Two (-480 and -485) and Category Four (-479 and -482)**

This factor weighs against Defendants' Category Two and Category Four motions for the same reasons it weighs against Defendants' Category One motions. The only difference is that the -480, -485, and -479 motions each identify *one* potential party witness allegedly in Austin and the -482 motion identifies two. But this Court gives little weight to party witnesses. *VLSI Tech.*, 2019 WL 8013949, at *5. And transferring a case because Defendants have *one* or two potential party witness would merely shift convenience. *X Techs.*, 2010 WL 2303371, at *6 ("The party moving to transfer must persuade the Court that transfer would signify more than shifting inconvenience from one party to another"). Moreover, Defendants' convenience argument should carry little, if any, weight because Defendants' headquarters in Round Rock is less than 100 miles from this Court. *See In re Genentech, Inc.*, 566 F.3d 1338, 1342 (Fed. Cir. 2009).

    **4.  Other practical problems weigh against transfer.**

This factor weighs against transfer because the Waco Division is simply a less congested venue than the Austin Division.[14] Additionally, the Austin Division has a higher number of

---

[14] *See* https://www.txwd.uscourts.gov/wp-content/uploads/District%20Statistics/2019/Fiscal%20Year%20Statistics%20-%202019.pdf

criminal cases, which impacts civil trial settings. *Id.* Thus, a transfer in this case to a forum with a higher level of case congestion is an act *against* judicial economy.

**B.      The public interest factors do not favor transfer.**

   **1. Difficulties flowing from court congestion weigh heavily against transfer.**

   The administrative difficulties flowing from court congestion in Austin, which has one of the highest caseloads per judge in the country, weighs heavily against transfer. The relevant inquiry under this factor is "[t]he speed with which a case can come to trial and be resolved[.]" *In re Genentech, Inc.*, 566 F.3d at 1347. This Court recently pointed out that court congestion in the Austin Division is so high that it distorts the overall WDTX time-to-trial, which "is not representative of the time-to-trial in the Waco Division." *Solas OLED Ltd. v. Apple Inc.*, 6:19-CV-00537-ADA, 2020 WL 3440956, at *7 (W.D. Tex. June 23, 2020) ("Since the Austin Division has one of the highest caseloads per judge in the country, the overall WDTX time-to-trial is not representative of the time-to-trial in the Waco Division which has a patent-specific Order Governing Proceedings ('OGP').") (emphasis added). The Austin Division not only has one of the highest caseloads per judge in the country, but it does not have an OGP or the familiarity with patent procedures that this Court has. *Id.* (acknowledging the Austin Division has "one of the highest caseloads per judge in the country").

   These cases differ from several cases where this Court transferred cases to Austin because: (1) WSOU's principal place of business is Waco and WSOU has no offices in Austin; and (2) given recent changes in the District, a transfer to Austin will deprive the parties of this Court's experience with patent cases and its OGP. *See, e.g., Voxer, Inc.,* 2020 WL 3416012, at *7 (stating Voxer has no significant presence in the Waco Division).

   **2. The local interest in having localized interests decided weighs against transfer.**

   This factor regards not merely the parties' significant connections to each forum writ large, but rather the "significant connections between a particular venue and the events that gave rise to

a suit." *See In re Acer*, 626 F.3d at 1256. Defendants claim Dell has "more than 14,000 people" in and around Austin but *do not claim* a significant connection between the Austin Division and the events that gave rise to these suits.  In *eight* of these twelve cases (the Category One and Category Four cases), Defendants do not allege these cases involve the work done by any Dell employees in the Austin Division. Defendants do not claim they designed or created any of the accused products in Austin.

Dell's contention that Waco has no local interest in these cases is false. WSOU is a company headquartered in downtown Waco and has strong ties to Waco. Hogan Decl. ¶¶ 1-6. Further, these cases involve the work and reputation of WSOU's employees in Waco. Therefore, Waco has a significant localized interest in the deciding this case, and this factor weighs against transfer.

### 3. Familiarity with the forum.

Familiarity with the forum weighs against transfer because this Court has familiarity with patent laws and patent specific rules. Unlike the Waco Division, Austin Division does not have standing orders specific to patent law nor specialized patent procedures.

## CONCLUSION

Because Defendants have not met their "substantial burden" in showing that a transfer to the Austin Division is "clearly more convenient," their Motions should be denied.

Dated: November 18, 2020                    Respectfully submitted,

                                            */s/ Travis Lee Richins*
                                            James L. Etheridge
                                            Texas State Bar No. 24059147
                                            Ryan S. Loveless
                                            Texas State Bar No. 24036997
                                            Brett A. Mangrum
                                            Texas State Bar No. 24065671
                                            Travis Lee Richins
                                            Texas State Bar No. 24061296
                                            ETHERIDGE LAW GROUP, PLLC
                                            2600 E. Southlake Blvd., Suite 120 / 324
                                            Southlake, Texas 76092
                                            Telephone: (817) 470-7249
                                            Facsimile: (817) 887-5950
                                            Jim@EtheridgeLaw.com
                                            Ryan@EtheridgeLaw.com
                                            Brett@EtheridgeLaw.com
                                            Travis@EtheridgeLaw.com

                                            Mark D. Siegmund
                                            State Bar No. 24117055
                                            mark@waltfairpllc.com
                                            Law Firm of Walt, Fair PLLC.
                                            1508 North Valley Mills Drive
                                            Waco, Texas 76710
                                            Telephone: (254) 772-6400
                                            Facsimile: (254) 772-6432

                                  **ATTORNEYS FOR PLAINTIFF**

                                  **CERTIFICATE OF SERVICE**

        I certify that on November 18, 2020 the foregoing document was served upon all counsel
of record via the court's electronic filing system in accordance with the Federal Rules of Civil
Procedure.

                                            */s/ Travis Lee Richins*
                                            Tavis Richins