## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT,<br><br>    Plaintiff,<br><br> v.<br><br>DELL TECHNOLOGIES INC., DELL INC., EMC CORPORATION, AND VMWARE, INC.,<br><br>    Defendants. | Case No. 6:20-cv-00485-ADA<br><br>**JURY TRIAL DEMANDED** |

**LETTER OF REQUEST: REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS**

GREETINGS:

| | | |
|---|---|---|
| 1. | Sender | The Honorable Judge Alan D Albright, District Judge United States District Court for the Western District of Texas, Waco Division<br>800 Franklin Avenue Room 301<br>Waco, Texas 76701<br>USA |
| 2. | Central Authority of the Requested State | In compliance with provisions of the Code of Civil Procedure of the requested state, the letter of request may be addressed to:<br><br>The Registrar<br>Honourable High Court of Karnataka at Bangalore<br>Ambedkar Veedhi<br>Bengaluru<br>Karnataka |
| 3. | Person to whom the executed request is to be returned | The executed request Court; representatives of the parties as indicated below; the witnesses from whom evidence is requested as indicated below; such other |

|   |   | person(s) that you deem proper; and Defendants's legal counsel in India:<br><br>**Aditya Vikram Bhat, Advocate**<br>AZB & Partners, 7th Floor, Embassy Icon,<br>Infantry Road, Bangalore – 560 001<br>Tel: 9845520982 |
|---|---|---|
| 4. | Specification of the date by which the requesting authority requires receipt of the response to the Letter of Request | June 1, 2021 |

In conformity with Article 3 of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Convention"), Federal Rule of Civil Procedure 28(b), and 28 U.S.C.A. 1781(b), the undersigned authority respectfully has the honor to submit the following request:

|   |   |   |
|---|---|---|
| 5. | a. Requesting Judicial Authority (Article 3, a) | The Honorable Judge Alan D Albright, District Judge United States District Court for the Western District of Texas, Waco Division<br>800 Franklin Avenue Room 301<br>Waco, Texas 76701<br>USA |
|   | b. To the competent Authority of (Article 3, a) | India.<br><br>Prusuant to Order 26 Rule 19 of the (Indian) Code of Civil Procedure 1908, since the proposed witness resides in the city of Bangalore, the Honourable High Court of Karnataka at Bangalore would be competent to receive the request and issue commission in terms of the request. |
|   | c. Names of the case and any identifying number | *WSOU Investments LLC v. Dell Technologies Inc.* Case No. 6:20-cv-00485-ADA, United States District Court for the Western District of Texas |

| 6. | Names and addresses of the parties and their representative (including representatives in the requested State) (Article 3, b) |
|---|---|
| a. Plaintiffs | WSOU Investments LLC |
| Representatives | WSOU is represented by:<br><br>**Brett Aaron Mangrum**<br>Etheridge Law Group<br>2600 East Southlake Blvd., Suite 120-324<br>Southlake, TX 76092<br>469-401-2659<br>Fax: 817-887-5950<br>Email: brett@etheridgelaw.com<br><br>**Jeffrey Huang**<br>Etheridge Law Group PLLC<br>2600 East Southlake Blvd<br>Suite 120-324<br>Southlake, TX 76092<br>408-797-9059<br>Fax: 817-887-5950<br>Email: jhuang@etheridgelaw.com<br><br>**Ryan Scott Loveless**<br>Etheridge Law Group PLLC<br>2600 E Southlake Blvd<br>Suite 120-324<br>Southlake, TX 76092<br>972-292-8303<br>Fax: 817-887-5950<br>Email: ryan@etheridgelaw.com<br><br>**James L. Etheridge**<br>Etheridge Law Group, PLLC<br>2600 E. Southlake Blvd., Suite 120-324<br>Southlake, TX 76092<br>817-470-7249<br>Fax: 817-887-5950<br>Email: jim@etheridgelaw.com |
| b. Defendants | Dell Technologies Inc., Dell Inc., EMC Corporation, and VMware Inc. (collectively "Defendants") |

| | |
|---|---|
| Representatives | Dell Technologies Inc., Dell Inc., EMC Corporation, and VMware Inc. are represented by:<br><br>Gibson, Dunn & Crutcher LLP:<br><br>**Benjamin Hershkowitz**<br>**Brian A. Rosenthal**<br>**Allen Kathir**<br>**Kyanna Sabanoglu**<br>GIBSON, DUNN & CRUTCHER LLP<br>200 Park Avenue<br>New York, NY 20036-5306<br>Telephone:  (212) 351-2410<br>Email:    BHershkowitz@gibsondunn.com<br>              BRosenthal@gibsondunn.com<br>              AKathir@gibsondunn.com<br>              KSabanoglu@gibsondunn.com<br><br>**Y. Ernest Hsin**<br>**Jaysen S. Chung**<br>GIBSON, DUNN & CRUTCHER LLP<br>555 Mission St., Ste. 3000<br>San Francisco, CA  94105-0921<br>Telephone:  (415) 393-8200<br>Email:    EHsin@gibsondunn.com<br>              JSChung@gibsondunn.com<br><br>**Ryan K. Iwahashi**<br>GIBSON, DUNN & CRUTCHER LLP<br>1881 Page Mill Rd.<br>Palo Alto, CA  94304-1211<br>Telephone:  (650) 849-5300<br>Email:    RIwahashi@gibsondunn.com<br><br>The Defendant has appointed legal counsel in India to pursue and assist with the commission to take evidence. The details of the Defendant's legal counsel in India are:<br><br>**Aditya Vikram Bhat, Advocate**<br>AZB & Partners, 7th Floor, Embassy Icon<br>Infantry Road, Bangalore – 560 001<br>Tel: 9845520982 |

| | | |
|---|---|---|
| | c. Other parties | N/A |
| | Representatives | N/A |
| 7. | a. Nature of the proceedings (divorce, paternity, breach of contract, product liability, etc.) (Article 3, c) | Civil action alleging patent infringement under the patent laws of the United States. |
| | b. Summary of complaint | Discovery sought in this Letter of Request is relevant in Case No. 6:20-cv-00485-ADA: In WSOU's complaint against Defendants, WSOU alleges that Defendants infringe U.S. Patent No. 7,636,309 ("the '309 patent"). |
| | c. Summary of defense and counterclaim | In defense against WSOU's claims of patent infringement of the '309 patent, Defendants assert, *inter alia*, that they do not infringe any of claims of the '309 patent and that the '309 patent is invalid.<br><br>Harsha Nagesh has knowledge of facts that are relevant to Defendants' defenses. Harsha Nagesh is relevant to the action by virtue of being an inventor the '309 patent. Harsha Nagesh holds critical facts to this case, including facts relevant to a number of defenses raised by Defendants and any potential damages, including information related to the prosecution of the '309 patent; prior uses and/or sales or products and services incorporating the '309 patent, publications related to the concepts claimed in the '309 patent; commercialization, production and/or commercial embodiments related to the '309 patent; the state of the art at the time of the alleged invention and/or filing of the applications related to the '309 patent; the ownership and financial interests in the '309 patent; conception, diligence and/or reduction to practice of the concepts claimed in the '309 patent; and the disclosure of the claimed invention of the asserted patent. As well as licensing of and/or agreements covering the '309 patent. And, financial knowledge including valuation and royalties associated with the '309 patent or any license and/or agreement covering |

| | | |
|---|---|---|
| | | the '309 patent; and other financial interests (including revenue, costs, expenses and profits) as well as financial interests and information related to the '309 patent. |
| | d. Other necessary information or documents | Harsha Nagesh's current address is: <br><br> Amazon Development Centre (India) Private Limited <br> 26/1 Brigade Gateway, <br> Dr Rajkumar Rd, <br> Malleshwaram, Bengaluru, <br> Karnataka 560055, <br> India |
| 8. | a. Evidence to be obtained or other judicial act to be performed (Article 3d), | In order to present its defenses that the '309 patent is not infringed, invalid, and unenforceable and to determine any alledged damages, Defendants seek certain documents from Harsha Nagesh. Attached as Exhibit A1 is a request of production of certain documents that Defendants believe are likely to be in the possession, custody, or control of Harsha Nagesh. <br><br> To further clarify the evidence sought, attached as Exhibit A2 is an outline of the topics and issues about which counsel for Defendants intend to inquire of Harsha Nagesh. |
| | b. Purpose of the evidence or judicial act sought | With respect to the '309 patent, Harsha Nagesh has information and knowledge relating to the prosecution of the '309 patent; prior uses and/or sales or products and services incorporating the '309 patent, publications related to the concepts claimed in the '309 patent; commercialization, production and/or commercial embodiments related to the '309 patent; the state of the art at the time of the alleged invention and/or filing of the applications related to the '309 patent; the ownership and financial interests in the '309 patent; conception, diligence and/or reduction to practice of the concepts claimed in the '309 patent; and the disclosure of the claimed invention of the asserted patent. As well as licensing of and/or agreements covering the '309 patent. And, financial knowledge including valuation and royalties associated with the '309 patent or any license and/or |

- 6 -

| | |
|---|---|
| | agreement covering the '309 patent;  and other financial interests (including revenue, costs, expenses and profits) as well as financial interests and information related to the '309 patent.<br><br>This evidence is directly relevant to Defendants' claims that the '309 patent is not infringed, invalid, and unenforceable and to determine any alleged damages under United States patent law. |
| 9.   Identity and address of any person to be examined (Article 3, e) | Harsha Nagesh<br><br>Amazon Development Centre (India) Private Limited<br>26/1 Brigade Gateway,<br>Dr Rajkumar Rd,<br>Malleshwaram, Bengaluru,<br>Karnataka 560055,<br>India |
| 10.   Questions to be put to the persons to be examined or statement of the subject matter about which they are to be examined (Article 3, f) | *See* Exhibit A2 |
| 11.   Documents or other property to be inspected (Article 3, g) | *See* Exhibit A1 |
| 12.   Any requirement that the evidence be given on oath or affirmation and any special form to be used (Article 3, h) | We respectfully request that the testimony be taken under oath. |
| 13.   Special methods or procedure to be followed (e.g. oral or in writing, verbatim, transcript or summary, cross-examination, etc.) (Article 3, i) and 9) | This Court respectfully requests that Harsha Nagesh be directed to produce the documents identified in attached Exhibit A1.<br><br>This Court respectfully requests that the Central Authority direct the witness to appear on or before June 1, 2021.<br><br>This Court respectfully requests that attorneys of the |

|  |  | Defendant be permitted to examine and cross-examine the witness, and that the witness be directed to answer such questions, relating to matters outlined in attached Exhibit A2.

This Court respectfully requests that the examination be permitted to be conducted in accordance with the Federal Rules of Evidence and the Federal Rules of Civil Procedure to prevail in the event of a conflict.

This Court respectfully requests that the examination be (partially) conducted via video conference to allow U.S. counsel to join the hearing.

This Court respectfully requests that the testimony be video recorded and also transcribed verbatim.

This Court respectfully requests that the testimony be taken in English language if the examined person(s) agree, and that, if need be, simultaneous translation be provided.

Costs incurred in relation to the deposition examination (court reporter, video recorder, simultaneous translation) shall be at Defendants' expense. |
|---|---|---|
| 14. | Request for notification of the time and place for the execution of the Request and identity and address of any person to be notified (Article 7) | This Court respectfully requests that you notify this Court; the representatives of the parties as indicated above; the witness from whom evidence is requested as indicated above; and such other person(s) that you deem proper. |
| 15. | Request for attendance or participation of judicial personnel of the requesting authority at the execution of the Letter of Request (Article 8) | No judicial personnel of the requesting authority will attend or participate. |
| 16. | Specification of privilege or duty to refuse to give evidence under the law of the State of origin (Article 11, b) | Defendants believe that Harsha Nagesh does not benefit from any privilege, and does not endorse the assertion of any such privilege or duty. |

| 17. | The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by | Defendants will bear the reimbursable costs associated with this request in accordance with the provisions of the Hague Convention. |

So ORDERED and SIGNED this _____ day of _NoVEMBER_, 2020.

_____
The Honorable Alan D Albright
U.S. District Court Judge