**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT, <br><br> *Plaintiff,* <br><br> v. <br><br> DELL TECHNOLOGIES INC., DELL INC., EMC CORPORATION, AND VMWARE, INC., <br><br> *Defendant.* | Case No.: 6:20-cv-00485-ADA <br><br> **JURY TRIAL DEMANDED** |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION**
**FOR LEAVE TO AMEND INVALIDITY CONTENTIONS**

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES .................................................................................................iii

TABLE OF ABBREVIATIONS ............................................................................................ iv

I.     INTRODUCTION ....................................................................................................... 1

II.    LEGAL STANDARD .................................................................................................. 2

III.   ARGUMENT ............................................................................................................... 2

   A.   Defendants Were Not Diligent........................................................................... 2

   B.   The Three New References Are Not Essential to Defendants' Case.................. 6

   C.   WSOU Would Be Unfairly Prejudiced by the Proposed Amendments............. 7

## <u>TABLE OF AUTHORITIES</u>

**CASES**

*Computer Acceleration Corp. v. Microsoft Corp.*,
   481 F. Supp. 2d 620, 625 (E.D. Tex. 2007) ............................................................... 4

*Cummins-Allison Corp. v. SBM Co., Ltd.*,
   No. CIV.A. 9:07-CV-196, 2009 WL 763926 (E.D. Tex. Mar. 19, 2009) ............................ 2, 7

*Innovative Display Techs. v. Acer Inc.*,
   No. 2:13-cv-522-JRG, 2014 WL 2796555 (E.D. Tex. Jun. 19, 2014) ................................. 2

*Invensys Sys., Inc. v. Emerson Elec. Co.*,
   No. 6:12-cv-799-LED, 2014 WL 12598865 (E.D. Tex. Dec. 3, 2014) .................................. 3

*MacroSolve, Inc. v. Antenna Software, Inc.*,
   No. 6:11-CV-287-MHS-JDL, 2013 WL 3833079 (E.D. Tex. July 23, 2013) ......................... 7

*Maxell Ltd. v. Apple Inc.*,
   No. 5:19-CV-00036-RWS, 2020 WL 10456917 (E.D. Tex. Feb. 24, 2020) .......................... 6

*O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*,
   467 F.3d 1355 (Fed. Cir. 2006) ................................................................................. 2

*Ohio Willow Wood Co. v. Thermo-Ply, Inc.*,
   No. 9:07-CV-274, 2009 WL 10677580 (E.D. Tex. June 10, 2009) ................................. 4, 6

*S & W Enters., L.L.C. v. Southtrust Bank of Ala., NA*,
   315 F.3d 533 (5th Cir. 2003) .................................................................................... 2

*Seven Networks, LLC v. Google, LLC*,
   No. 2:17-cv-442, Dkt. 198, slip copy (E.D. Tex. June 8, 2018) ..................................... 7

*Sightsound Tech., LLC v. Apple, Inc.*,
   No. 11-1292, 2013 WL 1500617 (W.D. Pa. Apr. 11, 2013) ......................................... 3, 4

*Uniloc 2017 LLC v. Google LLC*,
   No. 2:18-CV-00493-JRG-RSP, 2019 WL 6465318 (E.D. Tex. Dec. 2, 2019) ...................... 6

**STATUTES**

Fed. R. Civ. P. 16(b) ............................................................................................... 1

## <u>TABLE OF ABBREVIATIONS</u>

| Abbreviation | Meaning |
|---|---|
| Brazos | WSOU Investments, LLC d/b/a Brazos Licensing and Development |
| Defendants | Dell Technologies Inc., Dell Inc., EMC Corporation, and VMware, Inc., collectively |
| '309 patent | U.S. Patent No. 7,636,309 |
| Bertsekas | Bertsekas, Dimitri et al., Data Networks, Prentice Hall, New Jersey, Second Edition (1992) |
| Fodor | Fodor, Gabor et al., Path Optimization for Elastic Traffic Under Fairness Constraints, Teletraffic Engineering in the Internet Era (Proceedings of ITC), Teletraffic Science and Engineering, vol. 4 (2001) |
| Krishnan | Krishnan, Ram et al., An Approach to Path-Splitting in Multipath Networks, CENG Technical Report 92-10, Department of Electrical Engineering – Systems, University of Southern California, Los Angeles (August 1992) |
| USPTO | United States Patent and Trademark Office |

# I.     INTRODUCTION

The Court should deny Defendants' motion for leave to amend their Invalidity Contentions for the '309 patent (Dkt. 160; "Motion") because Defendants cannot show diligence either in discovering the three newly alleged prior art references months after Defendants provided their Final Invalidity Contentions or in disclosing them to Brazos in this litigation several months later. Defendants are not seeking to add some newly discovered, obscure references that were difficult to locate or only accessible through third parties.  Rather, the three new references Defendants seek to add were all publicly accessible, were indexed on public search engines, and include a textbook published in 1987 (Bertsekas); a paper in the journal Teletraffic Science and Engineering published in 2001 (Fodor); and a 1992 CENG Technical Reports paper that is downloadable from the University of Southern California engineering website (Krishnan). Indeed, far from being difficult to identify, Bertsekas was cited in numerous other references that Defendants already relied upon in their Final Invalidity Contentions in June 2021.

Even to the extent Defendants' representation is true that they did not first discover these new references until September or October 2021, that was about 6 months ago and Defendants admittedly concealed these references for months before first disclosing them to Brazos and even longer before seeking to amend their invalidity contentions.  All the while, Defendants were covertly planning to rely on these references to support their invalidity case, as evidenced by the reexamination request they submitted to the USPTO on December 17, 2021.  Defendants have no justifiable excuse for not identifying or disclosing these additional references significantly earlier than they did. Given Defendants' concealment and lack of diligence, the Court should deny their Motion for failing to show good cause.

## II.      LEGAL STANDARD

A party seeking to modify the Court's Docket Control order must show "good cause." *See* Fed. R. Civ. P. 16(b). A party may amend its invalidity contentions only by order of the Court upon a showing of good cause, which, according to the Federal Circuit, "requires a showing of diligence." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006). "The burden is on the movant to establish diligence rather than on the opposing party to establish a lack of diligence." *Id*. An exercise of diligence requires both diligence in *discovering* the prior art and diligence in promptly bringing new arts to the attention of the Plaintiff and the Court. *Innovative Display Techs. v. Acer Inc.*, No. 2:13-cv-522-JRG, 2014 WL 2796555, at *1-2 (E.D. Tex. Jun. 19, 2014).

While a Court has broad discretion to grant untimely motions to amend pleadings, it should consider four factors in ruling on such motions: (1) the explanation for the failure to meet the deadline, including whether it was within the reasonable control of the movant; (2) the importance of the thing that would be excluded; (3) the potential prejudice in allowing the thing that would be excluded; and (4) the available of a continuance to cure such prejudice. *S & W Enters., L.L.C. v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003); *Cummins-Allison Corp. v. SBM Co., Ltd.*, 2009 WL 763926, at *2 (E.D. Tex. Mar. 19, 2009). As discussed below, these factors weigh against granting Defendants' motion for leave to amend their Invalidity Contentions.

## III.      ARGUMENT

### A.      Defendants Were Not Diligent in Discovering or Disclosing the References

Defendants have not met their burden of establishing they were diligent either in searching for and identifying the new prior art references, or in disclosing the references to Brazos once they were discovered. Because Defendants fail to meet this burden, the Court should deny Defendants leave to amend their invalidity contentions.

In making diligence determinations, courts have looked to a party's diligence in *discovering* the references. More particularly, it is not enough that a defendant "acted promptly in bringing [] new arts to the attention of the Plaintiff and the Court." *Innovative Display*, 2014 WL 2796555, at *1 . Rather, a defendant must "explain why, with reasonable diligence, they could not have discovered such arts prior to the deadline for filing Invalidity Contentions." *Id.* More particularly, "the critical issue is whether or not [the party seeking to amend] exercised diligence in *discovering* the prior art." *Invensys Sys., Inc. v. Emerson Elec. Co.,* No. 6:12-cv-799-LED, 2014 WL 12598865, at *3 (E.D. Tex. Dec. 3, 2014) (emphasis added) (internal citations omitted).

Nothing prevented Defendants from discovering the three new references prior to the June 2021 Final Invalidity Contentions deadline. Each of the three references is publicly available and indexed on public search engines. These are not prior art references that Defendants were only able to locate, for example, in the basement at some third-party private company. *See, e.g., Sightsound Tech., LLC v. Apple, Inc.*, No. 11-1292, 2013 WL 1500617, at *2-3 (W.D. Pa. Apr. 11, 2013) (granting in part Plaintiff's Motion to Strike Untimely References to Prior Art where defendant failed to explain why it should not have known of publicly available prior art). In fact, the Bertsekas reference was cited in multiple references that Defendants included in their earlier contentions. *See, e.g.*, Whitehill Ex. 1 (Lee) at VMW_DELL-WSOU-PA-000657 (Reference #1); Whitehill Ex. 2 (Zhang) at VMW_DELL-WSOU-PA-000486 (Reference #4); Whitehill Ex. 3 (Zhao) at VMW_DELL-WSOU-PA-002241 (Reference #11); *see also* Dkt. 160-3 (Defendants' Ex. C: 6/2/21 Final Invalidity Contentions) at 39, 41 (relying upon each of the foregoing references in connection with the '309 patent).[1]

---

[1] Citations herein to "Whitehill Ex. _" refer to the corresponding exhibits to the accompanying Declaration of Joshua A. Whitehill.

Defendants' Motion fails to provide any reasonable explanation for why they could not have discovered the three prior art references earlier. The explanations offered by Defendants (*i.e.*, the "mathematical nature of the claims" and the "vast number of claims WSOU asserted") amount to nothing more than a complaint about the difficulty of performing a prior art search, which could be argued by any defendant in any patent litigation. Motion at 8. Defendants have been aware of Brazos's assertion of the '309 patent and associated claims since the beginning of the lawsuit in June 2020. Dkt. 1. The nature of the '309 patent and its claims cannot have been a surprise to Defendants, especially at this stage of litigation. Even if the prior art search is difficult, a "party cannot argue that because of its own inability and delay in understanding [patent literature], it possesses good cause to prepare new invalidity contentions." *Ohio Willow Wood Co. v. Thermo-Ply, Inc.*, No. 9:07-CV-274, 2009 WL 10677580 *1 (E.D. Tex. June 10, 2009).

Regardless, any delay was within the control of Defendants and there was ample time for Defendants to hire prior art search firms and engage experts to search for publicly available publications and prior art references well before the June 25, 2021 deadline for Final Invalidity Contentions. *See Computer Acceleration Corp. v. Microsoft Corp.*, 481 F. Supp. 2d 620, 625 (E.D. Tex. 2007) (finding that a seven-week time constraint to produce invalidity contentions did not weigh in favor of granting Defendant's request to amend its invalidity contentions).

If Defendants' motion is granted merely because there are a purportedly large number of patent claims and the patent claims involve mathematical formulas, then the requirement for good cause and diligence would be eviscerated, creating a loophole and setting a dangerous precedent that would allow defendants to "peruse volumes of potential prior art at their leisure, and amend required disclosures at their leisure," effectively rendering Court-ordered deadlines meaningless. *Sightsound*, 2013 WL 1500617, at *3. It would also allow defendants to amend or supplement their

invalidity contentions any time a hired consultant or prior art search firm finds a new reference. That is not the purpose of setting a deadline for "Final … Invalidity Contentions" in the Court's Scheduling Order. *See* Dkt. 52 at 3. Defendants' assumption that WSOU will likely have to confront these references at the USPTO ignores the importance of enforcing the disclosure and discovery rules to ensure that outcomes are based upon the merits, and not unduly influenced by surprise and delay.

Further, Defendants did not disclose these references to WSOU until six months after their Final Invalidity Contentions were due. Even after Defendants discovered the references, they did not timely disclose them to Brazos. By Defendants' own admission, Defendants identified the references in September and October 2021. Motion at 4. Defendants then used these references to prepare their *ex parte* reexamination request to the USPTO, which they filed on December 17, 2021.  Dkt. 160-4 (Defendants' Ex. D).  While Defendants' Motion is not forthcoming with details about when they began preparing the reexamination request, the reexamination requests includes declarations and exhibits that suggest that the reexamination request preparation was underway by no later than November 11, 2021, if not significantly earlier. *See, e.g.,* Whitehill Ex. 4 at Exhibits 2-A, 3-A, & 5-A (showing printout dates of November 11, 2021 for documents concerning the three new references).  From the time Defendants purportedly discovered the new references through the time they filed their reexamination request with the USPTO, Defendants concealed their intent to rely on the new references from Brazos.  It was only on January 10, 2022, when Defendants served their First Invalidity Contentions, that Defendants first disclosed to Brazos their intent to rely on the new references in this litigation. *Id.*

On page 9 of Defendants' Motion, Defendants rely on several cases that Defendants assert permit amendment of Invalidity Contentions based on continuous effort, but those cases are

inapposite.  In *Maxell*, for example, the Court found diligence where the defendant had to locate **technical information for prior art products sold twenty years earlier for which there was no centralized database cataloging such products**—a situation completely different than that presented here. *Maxell Ltd. v. Apple Inc.*, No. 5:19-CV-00036-RWS, 2020 WL 10456917, at *2 (E.D. Tex. Feb. 24, 2020).

In *Uniloc*, the Court permitted leave to supplement because certain material was **non-public information held by a third party**, whereas Defendants' new references here are all publicly available materials. *Uniloc 2017 LLC v. Google LLC*, No. 2:18-CV-00493-JRG-RSP, 2019 WL 6465318, at *1 (E.D. Tex. Dec. 2, 2019). In *Ohio Willow Wood*, the Court granted leave to amend where the defendant delayed disclosing a newly discovered videotape for just one month, based on a briefing schedule for the issue of obviousness, and there was no prejudice or risk of delay because all deadlines in the case were already stayed. *Ohio Willow Wood*, 2009 WL 10677580, at *2-3.  By contrast, Defendants here could have discovered the new references earlier had they been diligent, and, to make matters worse, concealed the references from Brazos for several months without any justification.

Because Defendants were not diligent in discovering or disclosing the newly alleged prior art references, Defendants cannot show good cause to amend their invalidity contentions.

### B.     The Three New References Are Not Essential to Defendants' Case

The three new references are not vital to Defendants' case. Defendants already identified 41 prior art references that allegedly render the claims of the '309 patent obvious or anticipated, including 6 references that alone allegedly anticipate the patent's claims.  The USPTO's grant of *ex parte* reexamination does nothing to change that.

Further, if these references were indeed so important, then the lack of diligence shown by Defendants was not commensurate with the alleged importance of these references.

*MacroSolve, Inc. v. Antenna Software, Inc.*, No. 6:11-CV-287-MHS-JDL, 2013 WL 3833079, at *4 (E.D. Tex. July 23, 2013), citing *Cummins-Allison Corp. v. SBM Co., Ltd.*, No. CIV.A. 9:07-CV-196, 2009 WL 763926, at *1 (E.D. Tex. Mar. 19, 2009) ("[T]he right to amend is subject to the court's duty to avoid unfairly prejudicing Plaintiff 'through eleventh-hour alterations.'").

### C.     WSOU Would Be Unfairly Prejudiced by the Proposed Amendments

WSOU will be unfairly prejudiced by Defendants' untimely attempt to add new references to their Invalidity Contentions. Defendants admittedly discovered the new references in September and October of 2021, and kept WSOU and the Court in the dark while they took advantage of their position to prepare their *ex parte* reexamination request. For several months, Defendants prepared their reexamination request without disclosing the references, and only notified WSOU after they filed the request with the USPTO. Defendants waited another month to serve Amended Invalidity Contentions in January 2022 -- more than 6 months after Defendants' deadline for serving Final Invalidity Contentions and several months after their purported first discovery of the references. Defendants should not be allowed to delay or expand the proceedings for their strategic benefit.

Finally, a showing of prejudice is not required to defeat Defendants' motion for leave to amend where Defendants cannot meet their burden of establishing good cause in the first place. As another district court in this State has held, "[a] lack of prejudice to [the plaintiff], supposing that there was truly no prejudice, is not sufficient to demonstrate good cause without more; to hold otherwise would change the showing from one of good cause to one of no prejudice and absolve the movant from failure based on harm to the opposing party alone." *Seven Networks, LLC v. Google, LLC*, No. 2:17-cv-442, Dkt. 198, slip copy at 2 (E.D. Tex. June 8, 2018).

### <u>CONCLUSION</u>

WHEREFORE, Plaintiff Brazos respectfully requests that the Court deny Defendants' Motion for Leave to Amend Invalidity Contentions.

Dated:  March 30, 2022                RESPECTFULLY SUBMITTED,

By:  */s/* Jonathan K. Waldrop
     Jonathan K. Waldrop (CA Bar No. 297903)
     (Admitted in this District)
     jwaldrop@kasowitz.com
     Darcy L. Jones (CA Bar No. 309474)
     (Admitted in this District)
     djones@kasowitz.com
     Marcus A. Barber (CA Bar No. 307361)
     (Admitted in this District)
     mbarber@kasowitz.com
     Heather S. Kim (CA Bar No. 277686)
     (Admitted in this District)
     hkim@kasowitz.com
     John W. Downing (CA Bar No. 252850)
     (Admitted in this District)
     jdowning@kasowitz.com
     ThucMinh Nguyen (CA Bar No. 304382)
     (Admitted in this District)
     tnguyen@kasowitz.com
     **KASOWITZ BENSON TORRES LLP**
     333 Twin Dolphin Drive, Suite 200
     Redwood Shores, California 94065
     Telephone: (650) 453-5170
     Facsimile: (650) 453-5171

     Hershy Stern (NY Bar No. 4631024)
     (Admitted *pro hac vice*)
     hstern@kasowitz.com
     Joshua A. Whitehill (NY Bar No. 4766473)
     (Admitted *pro hac vice*)
     jwhitehill@kasowitz.com
     Shelley Ivan (NY Bar No. 4338067)
     (Admitted *pro hac vice*)
     sivan@kasowitz.com
     **KASOWITZ BENSON TORRES LLP**
     1633 Broadway
     New York, New York 10019
     Telephone:  (212) 506-1700
     Facsimile:  (212) 506-1800

     Mark D. Siegmund (TX Bar No. 24117055)
     mark@swclaw.com
     **STECKLER WAYNE COCHRAN CHERRY PLLC**

8416 Old McGregor Road
Waco, TX 76712
Telephone: (254) 651-3690
Facsimile: (254) 651-3689

**Attorneys for Plaintiff**
**WSOU INVESTMENTS, LLC d/b/a**
**BRAZOS LICENSING AND DEVELOPMENT**

**<u>CERTIFICATE OF SERVICE</u>**

A true and correct copy of the foregoing instrument was served or delivered electronically

to all counsel of record, on this 30th day of March, 2022, via the Court's CM/ECF system.

<u>*/s/* Jonathan K. Waldrop          </u>
Jonathan K. Waldrop